OPINION.
{¶ 1} The instant case is a habeas corpus proceeding in which petitioner, Devon G. Peoples, seeks his immediate release from the Trumbull Correctional Institution. As the basis for his habeas corpus claim, petitioner asserts that his present incarceration is illegal because he was never properly convicted of any offense during the underlying criminal action. For the following reasons, this court concludes that petitioner has failed to state a viable claim for the requested relief.
 {¶ 2} Our review of the habeas corpus petition before us shows that petitioner's confinement is predicated on a 1983 conviction rendered in the Cuyahoga County Court of Common Pleas. As part of the sentencing judgment in that 1983 case, the trial court stated that a jury had previously found petitioner guilty of attempted murder and a "gun" specification. In light of the jury verdict, the court sentenced petitioner to the following consecutive terms: (1) three years on the gun specification; and (2) seven to twenty-five years on the attempted murder charge.
 {¶ 3} In now contending that the foregoing conviction is unenforceable against him, petitioner essentially challenges the correctness of the trial court's statement in the sentencing judgment concerning the jury verdict. Specifically, petitioner asserts that the jury did not find him guilty of attempted murder and the accompanying gun specification. Instead, according to petitioner, the jury was unable to reach a verdict in the matter, and the trial court declared a mistrial. Based upon this, petitioner argues that the trial court lacked jurisdiction to impose his present sentence.
 {¶ 4} At the outset of our discussion, this court would indicate that petitioner has attached to his petition a copy of the trial docket from the Cuyahoga County case. That document readily shows that, at the conclusion of petitioner's first trial in July 1983, the trial court did declare a mistrial. However, the trial docket also shows that a second trial on the same charges was held in September 1983. Furthermore, the docket indicates that the aforementioned sentencing judgment was rendered after the jury in the second trial was able to reach a verdict on the attempted murder charge and the accompanying specification. Hence, the materials attached to the instant petition expressly contradict petitioner's own assertion that a finding of guilty had not preceded the court's imposition of sentence.
 {¶ 5} Under the general principles of criminal law, the constitutional prohibition against double jeopardy does not apply to bar a second trial for the same charges when the first trial resulted in a mistrial based upon the jury's inability to reach a verdict. State v.Lovejoy (1997), 79 Ohio St.3d 440, 445, citing Richardson v. UnitedStates (1984), 468 U.S. 317. Therefore, even if this court were to assume for the sake of petitioner's argument that a double jeopardy violation could constitute a jurisdictional error, his own evidentiary materials support the conclusion that such a violation did not occur during the Cuyahoga County proceeding. That is, despite the fact that the first trial resulted in a mistrial, the trial court still had the authority to impose sentence upon petitioner after the jury returned its guilty verdict in the second trial.
 {¶ 6} Before a writ of habeas corpus can be issued, the prisoner must be able to demonstrate that his confinement is illegal because the trial court lacked jurisdiction to render the underlying conviction. SeeTillis v. Gansheimer, 11th Dist. No. 2002-A-0099, 2003-Ohio-1097. In light of the specific information contained in the materials attached to the instant petition, it is readily evident that petitioner will never be able to prove that the fact that a mistrial was declared in the first trial deprived the trial court of jurisdiction to enter the conviction against him following the second trial. In addition, our review of all the attached materials, which includes a copy of the sentencing judgment rendered in September 1983, fails to disclose the existence of any other error which could have affected the trial court's jurisdiction to proceed in the case.[1]
 {¶ 7} Since an action in habeas corpus is considered civil in nature, a habeas corpus petition can be dismissed under Civ.R. 12(B)(6). In considering whether such a petition states a viable claim for relief, a court must determine if the nature of the allegations in the petition are such that, even when those allegations are construed in a manner most favorable to the petitioner, he will not be able to prove any set of facts under which he would be entitled to a writ. See, generally, Stateex rel. Smith v. Enlow (July 20, 2001), 11th Dist. No. 2000-P-0131, 2001 Ohio App. LEXIS 3282, at *3. In applying the foregoing standard for a Civ.R. 12(B)(6) analysis, a court can consider the basic allegations in the petition itself and any materials attached to the petition. Brewerv. Gansheimer (Oct. 5, 2001), 11th Dist. No. 2001-A-0045, 2001 Ohio App. LEXIS 4516, at *3. Finally, pursuant to R.C. 2725.05, a court in a habeas corpus proceeding has the authority to engage in a sufficiency analysis without benefit of a motion to dismiss; i.e., a court can dismiss a habeas corpus petition sua sponte if its initial review of the petition shows beyond a reasonable doubt that a viable claim for the writ has not been stated. Tillis, 2003-Ohio-1097, at ¶ 14.
 {¶ 8} In light of the foregoing discussion, this court holds that the materials attached to the instant petition conclusively indicate that petitioner will be unable to establish a set of facts under which the Cuyahoga County court would have lacked the jurisdiction to enter the underlying conviction against him as a result of the mistrial in the first trial. Accordingly, since petitioner has failed to state a viable claim for relief, it is the order of this court that petitioner's habeas corpus petition is sua sponte dismissed.
DONALD R. FORD, P.J., DIANE V. GRENDELL, J., CYNTHIA WESTCOTT RICE, J., concur.
[1] As part of his habeas corpus claim, petitioner makes the general assertion that the Cuyahoga County court failed to fully indicate the disposition of the case in the sentencing judgment. However, this court would again note that the trial court specifically stated in that judgment that a jury had found petitioner guilty of the attempted murder charge and the accompanying specification. Although the trial court did not indicate that this verdict had been rendered as part of the second trial in September 1983, the fact that the sentencing judgment was issued following the conclusion of the second trial readily shows that the court was referring to the outcome of the second trial. As a result, we conclude that the sentencing judgment gave a sufficient statement of the disposition of the case to constitute a final appealable order.